UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VAMCO INTERNATIONAL, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 05-1248 |
| | ) | |
| v. | ) | Judge David S. Cercone |
| | ) | |
| | ) | JURY TRIAL DEMANDED |
| THE MINSTER MACHINE COMPANY, | ) | |
| | ) | ELECTRONICALLY FILED |
| Defendant. | ) | |
| | ) | |
| | ) | |

**ANSWER OF PLAINTIFF TO COUNTERCLAIM
OF DEFENDANT THE MINSTER MACHINE COMPANY**

Plaintiff Vamco International, Inc. ("Plaintiff") hereby answers the allegations of the Counterclaim asserted by Defendant-Counterclaim Plaintiff The Minster Machine Company ("Defendant") by responding to the numbered paragraphs therein as follows:

**Nature Of The Action**

1. Paragraph 1 of the Counterclaim states legal conclusions to which no response is required. To the extent a response is required, Plaintiff admits that the Counterclaim purports to seek a judgment declaring the claims of United States Patent No. 5,720,421 ("the '421 Patent") invalid and not infringed, but denies that the Counterclaim adequately pleads sufficient facts to seek a judgment that the '421 Patent is unenforceable.

**Jurisdiction And Venue**

2. Paragraph 2 of the Counterclaim states legal conclusions to which no response is required. To the extent a response is required, Plaintiff admits that this

court has subject matter jurisdiction over this Counterclaim pursuant to the Declaratory Judgment Act and 28 U.S.C. §§ 1331, 1132(a) and 1338(a) and that venue is proper in this judicial district.

### The Parties

3. Upon information and belief, admitted.

4. Admitted.

### Acts Giving Rise To The Counterclaim

5. Admitted in part and denied in part.  Plaintiff admits that it commenced a civil law suit against Defendant on September 8, 2005 but denies the remaining allegations in Paragraph 5 as stated.  Plaintiff alleges that Defendant has infringed and is continuing to infringe one or more claims of the '421 Patent.

6. Paragraph 6 of the Counterclaim states legal conclusions to which no response is required.  To the extent a response is required, Plaintiff admits in part and denies in part the allegations.  Plaintiff admits that it alleges that Defendant has infringed and is continuing to infringe one or more claims of the '421 Patent and has created a case and controversy on those issues.  Plaintiff denies that it has created a case and controversy on the issues of validity and/or enforceability as the '421 Patent is presumed valid and enforceable.  It is Defendant who must sufficiently allege and prove that the '421 Patent is invalid and unenforceable.  Plaintiff denies that Defendant has sufficiently alleged sufficient facts to create a justiciable case and controversy on the issues of invalidity and unenforceability.

7. Paragraph 7 of the Counterclaim states legal conclusions to which no response is required.  To the extent a response is required, Plaintiff denies that

Defendant has not infringed, and is not infringing, upon any valid and enforceable claims of the '421 Patent.

### COUNT I

**Declaratory Judgment of Invalidity, Unenforceability
And Non-Infringement of U.S. Patent No. 5,720,421
(28 U.S.C. §§ 2201 and 2202)**

8.   Plaintiff incorporates by reference its admissions and denials set forth in Paragraphs 1 through 7 of this Answer to Counterclaim as if set forth in full.

9.   Plaintiff denies the allegations in Paragraph 9 of the Counterclaim.

(a)   The allegations of subparagraph 9(a) constitute legal conclusions to which no response is required.  To the extent a response is required, Plaintiff denies the allegations of subparagraph 9(a).

(b)   The allegations of subparagraph 9(b) constitute legal conclusions to which no response is required.  To the extent a response is required, Plaintiff denies the allegations of subparagraph 9(b).

(c)   The allegations of subparagraph 9(c) constitute legal conclusions to which no response is required.  To the extent a response is required, Plaintiff denies the allegations of subparagraph 9(c).

(d)   The allegations of subparagraph 9(d) constitute legal conclusions to which no response is required.  To the extent a response is required, Plaintiff denies the allegations of subparagraph 9(d).

(e)   The allegations of subparagraph 9(e) constitute legal conclusions to which no response is required.  To the extent a response is required, Plaintiff denies the allegations of subparagraph 9(e).

      (f)      The allegations of subparagraph 9(f) constitute legal conclusions to which no response is required.  To the extent a response is required, Plaintiff denies the allegations of subparagraph 9(f).

      (g)      The allegations of subparagraph 9(g) constitute legal conclusions to which no response is required.  To the extent a response is required, Plaintiff denies the allegations of subparagraph 9(g).

10.      The allegations of Paragraph 10 constitute legal conclusions to which no response is required.  To the extent a response is required, Plaintiff denies the allegations of Paragraph 10.

11.      The allegations of Paragraph 11 constitute legal conclusions to which no response is required.  To the extent a response is required, Plaintiff denies the allegations of Paragraph 11.

12.      Admitted in part and denied in part.  Upon information and belief, Plaintiff admits that this is an exceptional case under 35 U.S.C. § 285 with regard to the infringement by Defendant.  All other allegations in Paragraph 12 are denied.  To the contrary, an order requiring Defendant to pay the expenses and costs incurred by Plaintiff, including reasonable attorneys' fees, pursuant to 35 U.S.C. § 285 is necessary and appropriate.

WHEREFORE, Plaintiff denies that Defendant is entitled to any relief as prayed for in Defendant's Counterclaim or otherwise and, accordingly, respectfully prays for entry of judgment dismissing Defendant's Counterclaim with prejudice, awarding Plaintiff its attorneys' fees, and for such other and further relief as requested by Plaintiff in the Complaint and otherwise as may be just and proper under the circumstances.

5

Dated:  October 24, 2005  Respectfully submitted,

REED SMITH LLP

/s Frederick H. Colen
Frederick H. Colen (Pa. I.D. No. 21833)
Barry J. Coyne (Pa. I.D. No. 77007)
Kevin S. Katona (Pa. I.D. No. 91651)
435 Sixth Avenue
Pittsburgh, PA  15219-1886
Telephone:   412.288.3131
Facsimile:    412.288.3063

Counsel for the Plaintiff

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 24, 2005, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:  Gretchen L. Jankowski, and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

Edward A. Matto, Esq.
Theodore J. Gallagher, Esq.
BRICKER & ECKLER, LLP
100 South Third Street
Columbus, OH 43215

/s Frederick H. Colen
Frederick H. Colen